

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IVAN POINDEXTER,

    Plaintiff,

v.                                                                     Civil Action No. **3:13CV736**

**HAROLD CLARKE,**

    Defendant.

## MEMORANDUM OPINION

Ivan Poindexter, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(a) and 1915(e)(2).

### A.     Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

(E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Summary of Allegations**

In his Complaint, Poindexter alleges, in sum:

> On or about Dec. 16, 1997, Stanley Brathwaite was arrested and later convicted of robbery. He was sentenced to 18 [years] as was myself. Ivan Poindexter was arrested 2 1/2 months later [on] March 26, 1998 and later was convicted and sentenced. The sentencing date was Nov. 12, 1998. Mr. Brathwaite was released August 6, 2013. He did 15 [years] 8 [months] on 18 [years].
> The Department of Corrections has me doing 15 [years] 11 [months] that is an extra 3 months.
> Virginia Department of Corrections is violating my constitutional rights by not treating me equally as my co-defendant.
> I'm not seeking more good time, just good time that is allowed to me.

(Compl. 4, ECF No. 1 (capitalization and punctuation corrected).) Poindexter seeks $750,000 in monetary damages and two and a half months of good time credit toward his sentence. (*Id.* at 5.)

**C.    Analysis**

First, from reviewing Poindexter's allegations, it appears that Poindexter's co-defendant Brathwaite, was arrested two and half months earlier than Poindexter. Thus, the Court notes that

3

the alleged two and a half month disparity in release date, more than likely, stems from the two and a half months Brathwaite served in jail before Poindexter's arrest, which would have been credited with against his eighteen-year sentence.

Moreover, Poindexter fails to allege sufficient facts to make out a plausible equal protection claim.[2] "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). In order to state an equal protection claim, Poindexter must allege that: (1) that he and a comparator inmate were treated differently and were similarly situated; and (2) that the different treatment was the result of discrimination. *See Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation omitted).

Poindexter claims that he and his co-defendant were treated differently because his co-defendant was released three months earlier despite receiving the same eighteen-year sentence. Poindexter's bare allegations fail to make out an equal protection claim. Poindexter fails to adequately allege facts that plausibly indicate that his co-defendant is a similarly situated comparator inmate or that Clarke treated him differently. The mere disparity in release date, standing alone, fails to state an equal protection claim. *Cf. Guerrero-Guerrero v. Clark*, 687 F. Supp. 1022, 1028 (E.D. Va. 1988) (explaining that claim based solely on allegation that co-defendants were paroled earlier was insufficient to state an equal protection claim without requisite information to ascertain whether co-defendants were similarly situated comparator inmates and were treated differently (citing *Patten v. North Dakota Parole Bd.*, 783 F.2d 140, 144 (8th Cir. 1986); *United States v. Truelove*, 482 F.2d 1361 (4th Cir. 1973))). Despite being co-defendants and receiving sentences of the same length, Poindexter fails to explain how they

---

[2] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

4

are similarly situated. Poindexter provides no information about his co-defendant's institutional behavior or other information relevant to the award of good conduct credit that would factor into his release date. *See id.* at 1028. Thus, Poindexter fails to allege that he and his co-defendant were similarly situated for the purpose of release dates. Poindexter fails to allege facts indicating that Clarke violated his equal protection rights. Accordingly, Poindexter's claim is frivolous and will be DISMISSED.

D. **Conclusion**

Accordingly, the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-3-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge

5